UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN QUINONES,<br>Individually and on behalf<br>of all others similarly situated | § <br> § <br> § <br> § | Civil Action No. _____ |
| *Plaintiff,* | § <br> § | **JURY TRIAL DEMANDED** |
| v. | § <br> § | **COLLECTIVE ACTION**<br>**PURSUANT TO 29 U.S.C. § 216(b)** |
| COMMUNITY WASTE DISPOSAL, L.P. | § <br> § | **CLASS ACTION PURSUANT TO** |
| *Defendant.* | § | **FED. R. CIV. P. 23** |

---

## PLAINTIFF'S ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

---

Plaintiff Juan Quinones brings this action individually and on behalf of all current and former Waste Disposal Drivers (hereinafter "Plaintiff and the Putative Class Members") who worked for Community Waste Disposal, L.P. ("Defendant" or "Community Waste") at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b), and Texas common law.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while the Texas common law claim is asserted as a class action under Federal Rule of Civil Procedure 23.

## I.
## OVERVIEW

1.      This is a collective action to recover overtime wages, liquidated damages, and other applicable penalties brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a class action pursuant to the laws of the State of Texas.

2.      Plaintiff and the Putative Class Members are current and former non-exempt Waste Disposal Drivers who worked for Community Waste anywhere in the United States at any time during the relevant statutes of limitation and were not paid for all hours worked or the proper amount of overtime in violation of federal and state law.

3.      Plaintiff and the Putative Class Members routinely worked (and continue to work) in excess of forty (40) hours per workweek.

4.      During the relevant time period, Community Waste knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked in excess of forty each week on a routine and regular basis.

5.      Specifically, Community Waste's regular practice—including during weeks when Plaintiff and the Putative Class Members worked in excess of 40 hours (not counting hours worked "off-the-clock")—was (and is) to automatically deduct a 60-minute meal-period from Plaintiff and the Putative Class Members' daily time on each weekday, and a 30-minute meal-period on each Saturday, even though they regularly worked (and continue to work) "off-the-clock" through their respective meal-period breaks.

6.      The effect of Community Waste's practice was (and is) that all of the time worked by Plaintiff and the Putative Class Members was not (and is not) counted and paid; thus, Community Waste has failed to properly compensate Plaintiff and the Putative Class Members for all of their hours

worked and resultingly failed to properly calculate Plaintiff and the Putative Class Members' overtime under the FLSA and Texas state law.

7.      Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or Texas common law.

8.      Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all damages owed under the Texas class action pursuant to Federal Rule of Civil Procedure 23.

9.      Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10.      Plaintiff also prays that the Rule 23 class is certified as defined herein, and that Plaintiff Quinones designated herein be named as the Class Representative for the Texas Class.

## II.
## THE PARTIES

11.      Plaintiff Juan Quinones ("Quinones") was employed by Community Waste in Texas during the relevant time period. Plaintiff Quinones did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12.      The FLSA Collective Members are those current and former Waste Disposal Drivers who were employed by Community Waste, anywhere in the United States and at any time from June 7, 2016 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Quinones worked and was paid.

---

[1] The written consent of Juan Quinones is attached hereto as Exhibit "A."

13.      The Texas Class Members are those current and former Waste Disposal Drivers who were employed by Community Waste in Texas, at any time from June 7, 2015 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Quinones worked and was paid.

14.      Defendant Community Waste Disposal, L.P. is a domestic limited partnership, organized under the laws of the State of Texas. Community Waste Disposal, L.P. may be served through its registered agent for service of process: **Greg A. Roemer, 2010 California Crossing, Dallas, Texas 75220.**

## III.
## JURISDICTION & VENUE

15.      This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

16.      This Court has supplemental jurisdiction over the additional Texas state-law claims pursuant to 28 U.S.C. § 1367.

17.      This Court has personal jurisdiction over Community Waste because the cause of action arose within this district as a result of Community Waste's conduct within this District and Division.

18.      Venue is proper in the Northern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

19.      Specifically, Community Waste has maintained a working presence throughout the State of Texas and Plaintiff Quinones worked for Community Waste in Dallas, Texas which is located within this District and Division.

20.      Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

21.     Defendant Community Waste is a full-service solid waste company providing waste collection, recycling and disposal services to commercial, industrial and residential customers across the Dallas/Fort Worth metroplex.[2]

22.     To provide its services, Community Waste employed (and continues to employ) numerous workers—including Plaintiff and the individuals that make up the putative or potential class. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work throughout the United States.

23.     Plaintiff and the Putative Class Members are (or were) non-exempt Waste Disposal Drivers employed by Community Waste for the relevant time-period preceding the filing of this Complaint through the final disposition of this matter.

24.     Importantly, none of the FLSA exemptions relieving a covered employer (such as Community Waste) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Class Members.

25.     Moreover, Plaintiff and the Putative Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Community Waste resulting in the complained of FLSA violations.

26.     Community Waste has a policy that Waste Disposal Drivers, such as Plaintiff and the Putative Class Members, automatically have sixty (60) minutes per day for a meal period deducted from his or her hours worked on Monday through Friday.

---

[2] *See* https://www.communitywastedisposal.com/our-company/

27.     Community Waste has a policy that Waste Disposal Drivers, such as Plaintiff and the Putative Class Members, automatically have thirty (30) minutes per day for a meal period deducted from his or her hours worked on Saturday.

28.     Community Waste was (and continues to be) aware that Plaintiff and the Putative Class Members regularly worked (and continue to work) through their 30-minute or one-hour meal periods without pay in violation of the FLSA.

29.     When calculating Plaintiff and the Putative Class Members' hours each pay period, Community Waste deducted (and continues to deduct) five hours and thirty minutes from Plaintiff and the Putative Class Members' daily on-the-clock hours in violation of the FLSA.

30.     In other words, for each 5-day workweek, Community Waste deducted (and continues to deduct) a minimum of 5 hours from each workweek's total "on-the-clock" hours. For a 6-day workweek, Community Waste deducted (and continues to deduct) a minimum of 5.5 hours from each workweek's total "on-the-clock" hours.

31.     Community Waste's systematic deduction of the 60-minute and 30-minute meal period from Plaintiff and the Putative Class Members' "on-the-clock" time resulted (and continues to result) in Plaintiff and the Putative Class Members working overtime hours for which they were (and are) not compensated at a rate not less than time and one-half as is required by the FLSA.

32.     Community Waste's systematic deduction of the 60-minute and 30-minute meal period from actual hours worked in excess of 40 hours per workweek deprived (and continues to deprive) Plaintiff and the Putative Class Members of the required and proper amount of overtime pay in violation of the FLSA.

33.     As a result of Community Waste's failure to compensate Plaintiff and the Putative Class Members for performing work "off-the-clock," Plaintiff and the Putative Class Members worked overtime hours for which they were not compensated.

34.     Community Waste's failure to compensate Plaintiff and the Putative Class Members for their "off-the-clock" overtime hours violated (and continues to violate) the FLSA.

35.     Community Waste knew or should have known that it was miscalculating Plaintiff and the Putative Class Members' regular rates of pay and that the proper amount of overtime compensation was not being paid to Plaintiff and the Putative Class Members in violation of the FLSA.

36.     Community Waste knew or should have known that its failure to pay the correct amount of overtime to Plaintiff and Putative Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

37.     Community Waste knew or should have known that causing and/or requiring Plaintiff and the Putative Class Members to perform necessary work "off-the-clock" would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

38.     Community Waste's actions therefore constitute willful violations under the FLSA and were not made in good faith.

## V.
## CAUSES OF ACTION

### <u>COUNT ONE</u>
### (Collective Action Alleging FLSA Violations)

**A.     FLSA COVERAGE**

39.     All previous paragraphs are incorporated as though fully set forth herein.

40.     The FLSA Collective is defined as:

**ALL WASTE DISPOSAL DRIVERS WHO WORKED FOR COMMUNITY WASTE DISPOSAL, L.P., ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JUNE 7, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

41.     At all times hereinafter mentioned, Community Waste has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

*Plaintiff's Original Collective/Class Action Complaint*                                                            Page 7

42.     At all times hereinafter mentioned, Community Waste has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

43.     Specifically, Community Waste operates on interstate highways, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

44.     During the respective periods of Plaintiff and the FLSA Collective Members' employment by Community Waste, these individuals provided services for Community Waste that involved interstate commerce for purposes of the FLSA.

45.     In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

46.     Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt Waste Disposal Drivers who assisted Community Waste's customers throughout the United States. 29 U.S.C. § 203(j).

47.     At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

48.     The proposed class of similarly situated employees, i.e. FLSA collective members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 40.

49.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Community Waste.

**B.     FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT**

50.     Community Waste violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

51.     Moreover, Community Waste knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

52.     Community Waste knew or should have known its pay practices were in violation of the FLSA.

53.     Community Waste is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

54.     Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Community Waste to pay them according to the law.

55.     The decision and practice by Community Waste to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

56.     Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C.     COLLECTIVE ACTION ALLEGATIONS

57.     All previous paragraphs are incorporated as though fully set forth herein.

58.     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of Community Waste's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

59.     Other similarly situated employees of Community Waste have been victimized by Community Waste's patterns, practices, and policies, which are in willful violation of the FLSA.

60.     The FLSA Collective Members are defined in Paragraph 40.

61.     Community Waste Community Waste's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Community Waste, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

62.     Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

63.     The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

64.     All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

65.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

66.     Absent a collective action, many members of the proposed FLSA collective will not likely obtain redress of their injuries and Community Waste will retain the proceeds of its violations.

67.     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

68.     Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 40 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of Texas Common Law)

**A.     VIOLATIONS OF TEXAS COMMON LAW**

69.     All previous paragraphs are incorporated as though fully set forth herein.

70.     Plaintiff Quinones further brings this action pursuant to the equitable theory of *quantum meruit. See Artemis Seafood, Inc. v. Butcher's Choice, Inc.* No. CIV. A. 3:98-0282, 1999 WL 608853, at *3 (N.D. Tex. Aug. 11, 1999) (citing *Schuchart & Assocs. V. Solo Serve Corp.*, 1983 WL 1147, at *23 (W.D. Tex. June 29, 1983)).

71.     The Texas Class is defined as:

**ALL WASTE DISPOSAL DRIVERS WHO WORKED FOR COMMUNITY WASTE DISPOSAL, L.P. IN TEXAS, AT ANY TIME FROM JUNE 7, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Texas Class" or "Texas Class Members").**

72.     Plaintiff Quinones and the Texas Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Community Waste. These claims are independent of Plaintiff Quinones's claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See Carman v. Meritage Homes Corp.*, 37 F. Supp. 3d 860, 867 (S.D. Tex. 2014).

73.     Plaintiff Quinones and the Texas Class Members provided valuable services for Community Waste, at Community Waste's direction and with Community Waste's acquiescence.

74.     Community Waste accepted Plaintiff Quinones and the Texas Class Members' services and benefited from Plaintiff Quinones's timely dedication to Community Waste's customers.

75.     Community Waste was aware that Plaintiff Quinones and the Texas Class Members expected to be compensated for the services they provided to Community Waste.

76.     Community Waste has therefore benefited from services rendered by the Plaintiff Quinones and the Texas Class Members and they are entitled to recover pursuant to the equitable theory of *quantum meruit*.

**B.     TEXAS COMMON LAW CLASS ALLEGATIONS**

77.     The Texas Common Law Plaintiffs bring their Texas Common Law Claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Community Waste to work in Texas since June 7, 2015. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051.

78.     Class action treatment of the Texas Common Law Class Members is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

79.     The number of Texas Common Law Class Members is so numerous that joinder of all class members is impracticable.

80.    Plaintiff Quinones is a member of the Texas Common Law Class, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of the other class members.

81.    Plaintiff Quinones and his counsel will fairly and adequately represent the class members and their interests.

82.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

83.    Accordingly, the Texas Common Law Class should be certified as defined in Paragraph 71.

**VI.**
**RELIEF SOUGHT**

84.    Plaintiff respectfully prays for judgment against Community Waste as follows:

a.    For an Order certifying the FLSA Collective as defined in Paragraph 40 and requiring Community Waste to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b.    For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c.    For an Order pursuant to Section 16(b) of the FLSA finding Community Waste liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d.      For an Order certifying the Texas Class as defined in Paragraph 71 and designating Plaintiff Quinones as the Class Representative of the Texas Class.

e.      For an Order pursuant to Texas state law awarding the Texas Class Members all damages allowed by law;

f.      For an Order awarding the costs of this action;

g.      For an Order awarding attorneys' fees;

h.      For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

i.      For an Order awarding Plaintiff Quinones a service award as permitted by law;

j.      For an Order compelling the accounting of the books and records of Community Waste, at Community Waste's expense; and

k.      For an Order granting such other and further relief as may be necessary and appropriate.

Date:   June 7, 2019                              Respectfully submitted,

                                                      **ANDERSON ALEXANDER, PLLC**

                     By:     /s/ *Clif Alexander*
                                          **Clif Alexander**
                                          Federal I.D. No. 1138436
                                          Texas Bar No. 24064805
                                          clif@a2xlaw.com
                                          **Austin W. Anderson**
                                          Federal I.D. No. 777114
                                          Texas Bar No. 24045189
                                          austin@a2xlaw.com
                                          **Lauren E. Braddy**
                                          Federal I.D. No. 1122168
                                          Texas Bar No. 24071993
                                          lauren@a2xlaw.com
                                          **Alan Clifton Gordon**
                                          Federal I.D. No. 19259
                                          Texas Bar No. 00793838
                                          cgordon@a2xlaw.com
                                          **Carter T. Hastings**
                                          Federal I.D. No. 3101064
                                          Texas Bar No. 24101879
                                          carter@a2xlaw.com
                                          819 N. Upper Broadway
                                          Corpus Christi, Texas 78401
                                          Telephone: (361) 452-1279
                                          Facsimile: (361) 452-1284

                                          ***Attorneys for Plaintiff and the Putative Class Members***